IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EILEEN MOYNAN, *et al.*,       )
                               )
    Plaintiffs,            )
                               )
v.                             )    CIVIL ACTION 10-0541-WS-M
                               )
BRYAN HEATH NETTLES, *et al.*, )
                               )
    Defendants.            )

**ORDER**

    This matter comes before the Court on defendant State Farm Mutual Automobile Insurance Company's Motion to Opt Out (doc. 84).

    Plaintiffs, Eileen and William Moynan, brought this action against various defendants arising from an automobile accident that occurred on Interstate 10 near Loxley, Alabama on June 7, 2009. The Moynans named State Farm as a defendant in this action because State Farm provided underinsured or uninsured motorist coverage to the Moynans, such that plaintiffs seek coverage and benefits under that policy.

    State Farm has now invoked its opt-out rights under Alabama law, stating that it "elects not to participate in the trial" and that it "acknowledges that it will be bound by the factual determinations made by the trier of fact, as well as any judgment or verdict entered herein." (Doc. 84, at 2.) Alabama law expressly authorizes insurers to opt out in this manner. *See, e.g., Ex parte Progressive Specialty Ins. Co.*, 985 So.2d 897, 899 (Ala. 2007) ("If the insurer is named as a party [in a UM/UIM case], it would have the right, within a reasonable time after service of process, to elect *either* to participate in the trial … *or* not to participate in the trial …. Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages.") (citing *Lowe v. Nationwide Ins. Co.*, 521 So.2d 1309, 1310 (Ala. 1988)).

State Farm has timely elected not to participate in the trial.[1]  Accordingly, the Motion to Opt Out is **granted**.  State Farm has now withdrawn from active participation in this litigation and will not participate in the trial, provided, however, that it shall be bound by the factfinder's decisions as to liability and damages.[2]

DONE and ORDERED this 3rd day of August, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In deeming State Farm's election timely, the Court does not rely on State Farm's assertion that "[p]ursuant to the Court's Scheduling Order, Defendant State Farm has until Thursday, August 4, 2011, to file a Motion to Opt Out." (Doc. 84, ¶ 4.)  The cited Rule 16(b) Scheduling Order (doc. 58) prescribes no such opt-out deadline, and State Farm does not identify any other document or ruling in the court file establishing same.

[2] To be clear, State Farm's opt-out of the trial is not tantamount to its dismissal as a defendant; therefore, the Clerk's Office shall not terminate State Farm as a party defendant in this action.  *See, e.g., Ex parte Boles*, 720 So.2d 911, 914-15 (Ala. 1998) (clarifying that when insurer elects not to participate in trial, it is not dismissed as a defendant but "has simply withdrawn from the litigation by exercising its option not to participate in the trial") (citation and internal quotation marks omitted).  As a consequence of State Farm's election, there is to be no mention at trial of State Farm or its potential involvement.  *See Moore v. United Services Auto. Ass'n*, 898 So.2d 725, 728 (Ala. 2004) (when insurer opts out of litigation, trial court has "an affirmative duty to ensure that the plaintiff's insurer or its potential involvement is not mentioned at trial").